UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MELISSA J. HALL**; and
**JACOB BARNETT HALL**, a minor child,

      **Plaintiffs**,

v.                                                             No. 09-cv-660 BB/RHS

**STATE OF NEW MEXICO CHILDREN,
YOUTH AND FAMILIES DEPARTMENT**;
**WILL FOPPERT**, individually and in
his official capacity; **ANNA MARLY**,
employee of State of New Mexico Children,
Youth and Families Department, Individually
and in her official capacity; **BRENT B. MALL**,
employee of State of New Mexico, Children
Youth and Families Department, individually
and in his official capacity; **JUANITA DIZ**, employee
of State of New Mexico, Children, Youth and Families
Department;  DOES 3-10, unknown employees of State
of New Mexico Children, Youth and Families Department,
Individually and in their official capacities; **ANDY DOE**,
Last Name Unknown, individually and as a contractor
of the State of New Mexico Children, Youth and
Families Department; **KILYNNE DOE**, Spouse of
Andy Doe, Last Name Unknown, individually and as
contractor of the State of New Mexico Children, Youth
and Families Department; **ALBUQUERQUE POLICE
DEPARTMENT**; **DOES 11-12**, unknown Police Officers,
individually and in their official capacities;
**POLICE CHIEF RAY SCHULTZ**, individually and in his
official capacity,

      **Defendants**.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the CYFD Defendants' *Motion to Dismiss*

Plaintiff Melissa J. Hall's Complaint brought pursuant to 42 U.S.C. § 1983 and her requests for

injunctive relief, filed April 10, 2010.  *See* Doc. 32.   The Court will dismiss Hall's claims for injunctive relief and stay the proceedings.

I.   **Legal standards.**

In resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure in a § 1983 cause of action, the following standards apply:

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
> > the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S. Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (applying *Bell Atlantic Corp. v. Twombly* in a case brought under § 1983).

> In deciding a Rule 12(b)(6) motion, a federal court may only consider facts alleged within the complaint.  There are two exceptions to this rule.  First, a district court may review mere argument contained in a memorandum in opposition to dismiss without converting the Rule 12(b)(6) motion into a motion for summary judgment.  Second, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.

*County of Santa Fe v. Pub. Serv. Co. of N. M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (citations and internal quotation marks omitted).  Accordingly, the Court has considered documents from the state-

court proceedings that Hall seeks to invalidate, which the Defendants attached to their motion to dismiss.

## II.     Allegations in the Complaint and the state-court proceedings.

Hall complains that CYFD employees and APD officers removed Jacob Hall, Hall's autistic 3 ½-year-old son, and an "non-working heirloom" .22 rifle from Hall's home on June 30, 2009, stating that Hall "has a mental illness" that they apparently believe placed her son in danger.  *See* Complaint at 5-8.  According to CYFD's Neglect/Abuse petition filed in state court on July 2, 2009, Hall was Jacob's primary caretaker and had been "keeping him in a dirty and cluttered home;" she had been "exhibiting symptoms indicating a need for mental health care but has not been tending to such need;" she had "admitted having had thoughts of doing harm to [Jacob];" and she "suffers from one or more mental health conditions such that she is sometimes incapable of providing safe and appropriate care for [Jacob] and was incapable, because of mental health condition [sic], of providing such care."  Doc. 32, Ex. 1, ¶ 4.  On July 6, 2009, a state-district judge in the Children's Court Division entered a Custody Order providing that Jacob's custody should be continued in the CYFD until further order after concluding that Hall's mental-health needs had "gone unaddressed and led to a deteriorated living condition for her and the child" and that Hall had "admitted thoughts of causing injury or death to the child," and that CYFD custody was "necessary for [Jacob's] protection."  *Id.*  Ex. 2.  The next day, on July 7, 2009, Hall filed this action in federal court.

In Count I of her Complaint, Hall accuses all of the Defendants of "custodial interference," in violation of state criminal statutes.  Complaint at 3-5.  Count II alleges that the CYFD, APD, and their employees committed fraud by stating in the state-court proceedings that Hall has a mental health condition without being qualified to practice medicine or to make such a determination.  *See*

3

*id.* at 5-6.  Similarly, Count III alleges "defamation of character" because CYFD, APD, and their employees stated that Hall "has a mental illness."  *Id.* at 6.  Count IV alleges "destruction of familial relationship" against CYFD and its employees because the employees allegedly told Hall that "if she continued to have contact with her brother, that her son, Plaintiff Jacob, would not be returned."  *Id.* at 6.  She contends that CYFD and its employees have thereby attempted to destroy Hall's and Jacob's "only source of local familial and emotional support."  *Id.* at 7.

Count V accuses CYFD and its employees of "human trafficking."  *Id.*  Based on the allegation that CYFD employees told Hall on July 2, 2009, that they were "intending to use Plaintiff Jacob to accuse her brother of molesting Jacob," Hall concludes that CYFD employees "kidnapped Plaintiff Jacob with the intent to force him to perform a sex act with the sick and degenerated purpose of falsely accusing Plaintiff Melissa's brother of molesting Plaintiff Jacob."  *Id.* at 7-8.

Count VI alleges "unlawful search and seizure" against APD arising from APD employee's entry on June 30, 2009, into Hall's apartment and "unlawfully" searching and seizing Jacob and the .22 rifle.  *Id.* at 8.  Count VII alleges "supervisory negligence" against Police Chief Ray Schultz for failure to ensure that his officers "follow all Constitutional laws."  *Id.* at 9.

Hall requests the following relief: that the Defendants release Jacob back to her custody; that they "cease all illegal investigations using Plaintiff Jacob Barnett Hall as ammunition, regarding the false allegations against Plaintiff Melissa's brother;" that they be "enjoined and restrained from filing for custody of Plaintiff Jacob Barnett Hall in State Court;" that the APD Defendants "return the property that was confiscated;" and damages.  *Id.* at 10.

4

III.    **The *Younger* abstention doctrine**.

> "*Younger* abstention dictates that federal courts not interfere with
> state court proceedings by granting equitable relief-such as
> injunctions of important state proceedings or declaratory judgments
> regarding constitutional issues in those proceedings-when such relief
> could adequately be sought before the state court." *Rienhardt v. Kelly*,
> 164 F.3d 1296, 1302 (10th Cir. 1999).  A federal court must abstain
> from exercising jurisdiction when: (1) there is an ongoing state
> criminal, civil, or administrative proceeding, (2) the state court
> provides an adequate forum to hear the claims raised in the federal
> complaint, and (3) the state proceedings "involve important state
> interests, matters which traditionally look to state law for their
> resolution or implicate separately articulated state policies." *Taylor*,
> 126 F.3d at 1297.  *Younger* abstention is non-discretionary; it must be
> invoked once the three conditions are met, absent extraordinary
> circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

> Tenth Circuit cases consistently state that the application of *Younger* is mandatory.
> *See, e.g., Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*,
> 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once the
> conditions are met, absent extraordinary circumstances.") (quotation omitted); *Taylor
> v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) ("[A]pplication of the *Younger*
> doctrine is absolute[,] when a case meets the *Younger* criteria, there is no discretion
> for the district court to exercise.") (quotation and alteration omitted); *Phelps v.
> Hamilton*, 59 F.3d 1058, 1063 (10th Cir. 1995) ("Even though *Younger* is an
> equitable doctrine, its application is mandatory. . . .").

*Chapman v. Barcus*, No. 09-5085, 2010 WL 1452490, *2 (10th Cir. April 13, 2010) (applying

*Younger* and reversing the dismissal on the merits of plaintiff's damages claims challenging custody

orders; remanding "with instructions for the district court to stay proceedings on [the plaintiff's]

damage claims;" and holding "that the district court was compelled to abstain from exercising its

jurisdiction over [the parent's] claims for injunctive or declaratory relief and those claims should

have been dismissed without prejudice").

Here, as in the *Chapman* case, the "state custody matter was ongoing at the time" Hall "filed this action, thus satisfying the first *Younger* condition." 2010 WL 1452490, *3. As for the second *Younger* condition, like the plaintiff in *Chapman*, Hall has failed to meet her "burden to establish that state law prevents [her] from presenting [her] federal claims in state proceedings." *Id.* There is no indication that Hall could not present her claims in the state-court proceedings that the CYFD and APD employees were unqualified to give an opinion about her mental-health condition or that the APD officers entered her apartment and seized Jacob unlawfully. Finally, as the *Chapman* opinion notes, "custody issues are traditional state-law matters that implicate important state interests, fulfilling the third condition. *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) (noting that the comity considerations of the *Younger* doctrine are particularly vital in "child custody proceedings[, which] are an especially delicate subject of state policy")." *Chapman*, 2010 WL 1452490, *2. The Court finds "no extraordinary circumstances that would render *Younger* abstention inappropriate." *See id.* at *3.

The Court, therefore, is "compelled to abstain from exercising its jurisdiction" over Hall's claims for injunctive or declaratory relief and must dismiss those claims without prejudice, and the Court must abstain from addressing Hall's damages claims on the merits and must stay Hall's action pending final rulings and the conclusion of the appellate process, if any, in the state courts. *See id.*; *Yancey v. Bonner*, No. 08-6220, 323 Fed. Appx. 674, 675, 2009 WL 1058142, *1 (10th Cir. April 21, 2009) (affirming district's court's ruling in contested adoption case that "federal abstention was appropriate in light of [the plaintiff's] pending appeal before the Oklahoma Supreme Court"). *Cf. Ysais v. Children, Youth & Family Dep't.,* No. 09-2125, 353 Fed. Appx. 159, 161, 2009 WL 4048782, *1 (10th Cir. Nov. 24, 2009) (affirming dismissal of complaint challenging on-going child-

custody orders and seeking injunctive relief and damages where district court dismissed federal claims under both *Younger*-abstention doctrine and for failure to state a claim under § 1915(e) and where court declined to take supplemental jurisdiction over state-law claims).  The parties shall inform the Court when the state custody proceedings are completely over.

**IT IS ORDERED** that Hall's claims for injunctive relief are dismissed without prejudice and that this action is STAYED until further order.

_____
UNITED STATES DISTRICT JUDGE